UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

PAMELA BARE,

        Plaintiff,

vs.

MISSISSIPPI STATE
PORT AT GULFPORT, et al.,

        Defendants.
_____/

Civil Action No.
1:06-CV-1030

HON. BERNARD A. FRIEDMAN

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL

This matter is presently before the court on plaintiff's motion to voluntarily dismiss the complaint [docket entry 33]. Defendant Chiquita Fresh North America, L.L.C. ("Chiquita") has filed a response in opposition.

This is one of several cases filed in this district in which plaintiffs allege that defendants negligently failed to secure their property at the Port at Gulfport and that, as a result, defendants' property, including shipping containers and the contents thereof, were blown around during Hurricane Katrina, thereby causing damage to plaintiffs' property. In the present case, plaintiff Bare alleges that defendants' negligence caused her property at 4023 8th Street in Gulfport, Mississippi, to be "invaded by toxic chemicals." Complaint ¶ 57. Of the various defendants named in the complaint, only three remain: Chiquita, Dole Food Company, Inc., and Crowley Liner Services, Inc. The others have been dismissed either by stipulation or this court's order.

In the motion now before the court, plaintiff seeks leave to voluntarily dismiss the complaint, without prejudice, on the grounds that "more investigation needs to be done to develop liability against the remaining Defendants . . ." Defendant Chiquita opposes the motion on the

grounds that plaintiff is unable to prove her claims and defendant should therefore be given the opportunity to seek a judgment in its favor on the merits.

The motion is governed by Fed. R. Civ. P. 41(a)(2), which states:

> Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. . . . Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

The Fifth Circuit has quoted with approval the following statement of the rule's purpose:

> The purpose of Rule 41(a)(2) giving the district court discretion with regard to a dismissal is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions. Accordingly, courts have followed the traditional principle that dismissal should be allowed unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit. It is not a bar to a court-granted dismissal under Rule 41(a)(2) that the plaintiff may obtain some tactical advantage thereby.

*Manshack v. Southwestern Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990), *quoting* 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2364 (1970) (internal quotation marks omitted). The court in *Manshack* indicated that a defendant does not suffer "plain legal prejudice" merely because the lawsuit may be refiled. Rather, such prejudice requires something more – e.g., that defendant has incurred "excessive litigation costs" or that defendant has obtained a favorable ruling regarding an important defense. *See id.* In other words, "faced with a Rule 41(a)(2) motion, the district court should first ask whether an unconditional dismissal will cause the non-movant to suffer plain legal prejudice. If not, it should generally, absent some evidence of abuse by the movant, grant the motion." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). In evaluating the prejudice to defendant, the court should consider the defendant's effort and expense in preparing for trial, whether plaintiff has shown a lack of diligence in prosecuting the action, plaintiff's explanation

2

for seeking voluntary dismissal, and whether defendant has filed a dispositive motion. *See id.* at 317 n.3.

In the present case, the court is not persuaded that defendant will suffer "plain legal prejudice" if plaintiff's motion is granted. Regarding the first factor, defendant protests that it and the other defendants "have spent many thousands of dollars in costs defending these claims." Opposition to Motion to Dismiss, p. 6. However, this statement relates to the costs all defendants have incurred in defending the dozens of "container cases," and not merely the costs incurred by Chiquita in defending the present case. The relevant prejudice is that caused to this defendant by this specific case, not that which may be caused to all defendants in defending all of the container cases collectively. Chiquita does not quantify these specific expenses, nor have the other defendants objected to plaintiff's motion.

Regarding the second factor, the court cannot say that plaintiff has failed to prosecute the matter diligently. The case was removed from state court in October 2006. Several defendants requested and were granted an extension of time, until late November 2006, to file their answer. A defense motion filed in December 2006 sought a stay, which the court granted, preventing any further action in the case until the stay was lifted in March 2007. Defendant indicates that after the stay was lifted, the parties attended a status conference with the magistrate judge and agreed upon a procedure for identifying the port's tenants, and that plaintiff deposed a representative of the Port Authority in April 2007. The instant motion was filed in May 2007. Under the circumstances, the court finds that plaintiff has prosecuted the case with reasonable diligence.

Regarding the third factor, the court is satisfied with plaintiff's explanation that she needs to conduct further investigation to develop evidence of liability. "Dismissal has been allowed

in order to give the plaintiff an opportunity to secure new evidence after the plaintiff has found, by discovery or otherwise, that the present claim cannot be proven on the basis of the information then available." *Federal Practice and Procedure* § 2364.

Regarding the fourth factor, the court notes that Chiquita has not filed a dispositive motion. While Chiquita asserts that it could file such a motion, and that it would likely succeed, the fact remains that it has not done so. The cases cited above do not suggest that a defendant is prejudiced by a voluntary dismissal merely because defendant might have obtained dismissal on the merits, assuming it had filed a motion and assuming the motion had succeeded. Rather, these cases indicate that a defendant must have either obtained a favorable ruling or, at a minimum, actually filed a motion seeking such a ruling.

For the reasons stated above, the court concludes that defendant will not suffer any "plain legal prejudice" by plaintiff voluntarily dismissing her complaint. Under these circumstances, Fifth Circuit precedent requires the court to grant plaintiff's motion without conditions. *See Elbaor* and *Manshack, supra*. Accordingly,

IT IS ORDERED that plaintiff's motion for voluntary dismissal, without prejudice, is granted.

\_\_s/ Bernard A. Friedman_____
BERNARD A. FRIEDMAN
Dated: June 13, 2007   CHIEF UNITED STATES DISTRICT JUDGE
SITTING BY SPECIAL DESIGNATION